**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  14-CV-00801 REB-CBS

JENKINS, FREDRICK K.

    Plaintiff(s),

v.

CATHOLIC HEALTH INITIATIVES

    Defendant(s).

---

.

**STIPULATED PROTECTIVE ORDER**

---

Pursuant to the Joint Motion for Stipulated Protective Order filed by the parties, the Court hereby Orders as follows:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in this civil action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

    3.    This agreement does not constitute a global waiver by any party as to whether any confidential or privileged information is discoverable, but rather, is a mechanism by which confidential information that is disclosed is prevented from being

used for any purpose outside this litigation by any party.

4.     One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information contains nonpublic personal, personnel, employment, private, medical, or other information implicating privacy interests, proprietary interests or safety and security concerns of either the Plaintiff and/or Defendant, may designate such documents or information as "Confidential."  The documents or information so designated shall be deemed "Confidential Information" subject to this Protective Order.

5.     One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information contains purely personal information of any person that is unrelated to the litigation, or nonpublic proprietary information, may designate such documents or information as "Confidential – EYES ONLY".  The documents or information so designated shall be deemed "EYES ONLY" subject to this Protective Order.

6.     Confidential Information shall be subject to the following restrictions. Confidential Information shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), but not including any future state court action regardless of its relation to this action, and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) Two designated representatives each of Plaintiff and Defendant Catholic Health Initiatives who execute the attached Exhibit A.;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses who execute the attached Exhibit A (hereinafter "Non-Party Witness"), and subject to the restrictions in Paragraph 9 below;

(h) and other persons by written agreement of the parties who execute the attached Exhibit A.

7. Eyes Only Information shall be subject to the following restrictions. Eyes Only Information shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) the Court and its employees ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f) deponents, witnesses, or potential witnesses who execute the attached Exhibit A (hereinafter "Eyes Only Witnesses"), and subject to the restrictions in Paragraph 10 below;

(g) and other persons by written agreement of the parties who execute the attached Exhibit A.

8. Except for stenographic reporters engaged in proceedings incident to the conduct of this action, no Confidential Information or Eyes Only Information shall be disclosed to anyone in this litigation, with the exception of counsel who have entered an appearance in this action on behalf of one or more partie(s), until said person first signs an agreement with respect to the confidentiality of such information in the form attached hereto as Exhibit A. Prior to disclosing any Confidential or Eyes Only Information to any person listed in paragraphs 6 and 7 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A, acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by any party.

9. No Non-Party Witness shall be entitled to review or receive Confidential Information, except in the presence of counsel for any party, or staff employed by such counsel and actively working on the case, or during the course of a deposition, hearing, trial, while such individual is providing testimony under oath.  No Non-Party Witness shall be entitled to retain a physical or electronic copy of any Confidential Information outside the presence of counsel or staff.  Within seven (7) days following the execution of Exhibit A by a Non-Party Witness, counsel for the party requesting the execution of such agreement shall disclose the identity of such Non-Party Witness to counsel for all other parties, and indicate that such witness has executed Exhibit A.

10. No witness shall be entitled to review or receive Eyes Only Information, except during the course of a deposition, hearing, trial, while such individual is providing testimony under oath, or is otherwise in the presence of counsel for all parties.  No witness shall be entitled to retain a physical or electronic copy of any Eyes Only Information outside the presence of counsel or staff.

11. **D.C.COLO.L.Civ.R 7.2 Requirement**.  The parties agree that a stipulated protective order or a confidentiality agreement executed by the parties, standing alone, will not suffice for sealing a paper or closing a court proceeding to the public, will not substitute for the showing required under D.C.COLO.L.Civ.R 7.2(C), and will not be binding on the court.  Any document that a party asserts should not be part of the public record pursuant to a protective order or a confidentiality agreement shall be filed as a sealed document.  The document shall be sealed for 14 days.  If no motion to seal is filed within 14 days, the document shall be automatically unsealed.

Any motion to seal or restrict public access shall address, at a minimum:

1) The nature of the material or the proceeding at issue;

2) The private interest that, when weighted against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought;

3) The clearly defined and serious injury that would result if the relief sought is not granted; and

4) Why a less restrictive alternative to the relief sought is not practicable or would not adequately protect the interest in question (e.g. redaction, summarization, limited sealing of exhibits or portions of exhibits).

12. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

13. No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized

hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information.  Review of Confidential or Eyes Only Information by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production.  The inadvertent, unintentional or *in camera* disclosure of Confidential or Eyes Only Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

14.   Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential or Eyes Only Information confidential in the strictest possible fashion.  Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

15.   Documents are designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL."  Digital media or storage devices containing electronically stored information may be designated as Confidential Information by affixing a label with the word "CONFIDENTIAL" to the media or device.  Documents are designated as Eyes Only Information by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL – EYES ONLY."  Digital media or storage devices containing electronically stored information may be designated as Confidential Information by

affixing a label with the word "CONFIDENTIAL – EYES ONLY" to the media or device.

16. Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response. Responses to discovery requests are designated as Eyes Only Information by imprinting the words "CONFIDENTIAL – EYES ONLY" next to or above the response.

17. Whenever a deposition involves the disclosure of Confidential or Eyes Only Information, the deposition or portions thereof may be designated as Confidential or Eyes Only and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential or Eyes Only after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page, those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

18. A party may object to the designation of particular documents as Confidential or Eyes Only Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that

the Court determine whether the disputed information should be subject to the terms of this Protective Order, and/or whether such information should be subject to either Confidential or Eyes Only protection.  If such a motion is timely filed, the disputed information shall be treated as confidential, or eyes only, under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

19. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL or EYES ONLY Information pursuant to this Protective Order.

20. Three years after the conclusion of this case, unless other arrangements are agreed upon, and upon a written request from one of the parties hereto, each document and all copies thereof designated as Confidential or Eyes Only shall be returned to the party that designated the material as Confidential or Eyes Only, or the parties may elect to destroy confidential documents.  All documents designated as Confidential or Eyes Only shall be maintained as Confidential Information or Eyes Only Information during the three year period following the conclusion of the case.

21. Stamped confidential documents shall not be filed with the clerk except

when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the confidential documents are relevant to the motion.  A party contemplating filing Confidential Information protected by this Protective Order to the Court must comply with the requirements of D.C.Colo.LCiv.R. 7.2 with respect to any submissions of Confidential Materials designated pursuant to this Protective Order.  All Confidential Materials so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

22.     Agreement pursuant to Rule 502(d) of the Federal Rules of Evidence.

(1) Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party.

(2) In the event that the receiving party discovers that it has received either attorney-client privilege or work-product protected documents, it will bring that fact to the attention of the producing party immediately upon discovery.

(3) Upon the request of the producing party, the receiving party will promptly return to the producing party any attorney client privilege or work-product-protected document and any copies that the receiving party may have made, except that a non-producing party may retain such documents solely for the purpose of bringing a motion to compel such documents on the grounds that the designation of attorney-client privilege or work-product doctrine is improper.

(4) Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document.

(5) No such inadvertently produced attorney-client privilege or work-product-protected document may be used in evidence against the producing party, unless the Court determines the documents not to be attorney client privileged or covered by the work-product doctrine.

(6) If either party must seek judicial enforcement of this agreement, the costs and reasonable attorney's fees of the party seeking enforcement will be paid by the party against whom such enforcement must be sought, but only if the court finds the existence of a valid privilege and grants enforcement of this agreement by ordering the return and non-evidentiary use of the produced document.

23.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

24.   Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

25.   This Protective Order shall apply to discovery already produced by the Plaintiff to the Defendant.  The Plaintiff may designate some of this material as "Confidential" or "Eyes Only" pursuant to this Order.

49114876.1                                            11

DATED at Denver, Colorado, on November 14, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  14-CV-00801 REB-CBS

JENKINS, FREDRICK K.

    Plaintiff(s),

v.

CATHOLIC HEALTH INITIATIVES

    Defendant(s).

_____

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**
_____

    I, _____(please print), the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

    My current address and telephone number is:

        _____
        _____
        _____

_____
    Signature

STATE of _____ )

                                   )ss.

COUNTY of _____ )

The foregoing Confidentiality Agreement was sworn and acknowledged to before me by _____ on this _____ day of _____, 201\_\_\_\_\_.

Witness my hand and official seal.

[S E A L]

                                                                                                         Notary Public

My commission expires: _____